UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REIKO R. SMITH,<br><br>               Plaintiff,<br><br>  v.<br><br>SGT. KOBOSHIGOWA, BETTY P. PINE, King County Medical Director, PHILLIPS, King County Correctional Officer (C/O), OLSON (C/O), Individually and in their official capacities,<br><br>               Defendants. | Case No. 14-1929 MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

Defendants Bette[1] Pine and the King County Correctional Facility and/or King County Department of Adult and Juvenile Detention move for dismissal of all claims against them pursuant to Fed. R. Civ. P. 12(b). Dkt. 14. Based on the caption of the complaint, Defendants anticipate that Plaintiff Reiko Smith may have also intended to sue either the King County Correctional Facility and/or the King County Department of Adult and Juvenile Detention and request, that to the extent he so intended, these entities should be dismissed because both lack the capacity to be sued under state law. A fair reading of the complaint, however, is that Mr. Smith intended to sue only the individually named defendants (Sgt. Koboshigowa, Bette Pine, Phillips,

---

[1] The correct spelling of Ms. Pine's first name is "Bette" not "Betty." Dkt. 14 n.1.

REPORT AND RECOMMENDATION - 1

and Olson) and that his reference to the King County Correctional Facility in the caption was merely to identify the defendants' place of employment.  *See* Dkt. 4, pp. 1 and 2.

The Court agrees that Plaintiff Reiko Smith has failed to state a claim upon which relief can be granted under 42 U.S.C. ¶ 1983 as to Defendant Pine because he alleges facts as to Ms. Pine only in her supervisory capacity.  However, the Court recommends that Mr. Smith be given leave to amend his complaint to allege facts regarding his medical care.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Reiko Smith seeks relief for alleged violations of his civil rights under 42 U.S.C. §1983.  The allegations in the complaint arise out of a September 4, 2013 booking incident at the King County Jail in Seattle, Washington. Dkt. 4, ¶5.1.  Mr. Smith alleges that a jail sergeant and two corrections officers used excessive force during the booking process.  *Id.*, ¶¶5.2 – 5.12.  He also alleges that he was denied adequate medical care for injuries that he claims resulted from the booking process. *Id.* at ¶¶6.4 – 6.12.

Mr. Smith alleges that he suffered numerous cuts to his wrists and bruises to his upper arm, ribcage, and lower back.  He claims that he had difficulty breathing and was in pain.  He also claims that he requested medical attention while he was being held in the pre-booking holding cell but was denied medical attention.  Dkt. 4, at 8.  He states that he again requested medical care after he was transferred to an isolation cell and sent several kites requesting medical attention, but all of his requests were ignored by Defendant Pine.  According to Mr. Smith, he was visited by medical staff on September 22, 2013 and October 8, 2013 and given medication at that time.  On October 19, 2013 he was seen by a doctor and given Tylenol and x-rays were taken.  *Id.,* at 9-10.  Mr. Smith does not identify any of the medical care providers nor does he provide the results of his x-rays.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000). See also, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir.2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

## DISCUSSION

To state a claim under the Eighth Amendment, a plaintiff must include factual allegations that a state actor acted with deliberate indifference to his serious medical needs. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner's medical treatment. *Id*. at 104–5; *see also Broughton v. Cutter Labs*., 622 F.2d 458, 459–60 (9th Cir.1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836

(1994).  A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834.  A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency.  *Helling v. McKinney*, 509 U.S. 25, 32–35 (1993); M*cGuckin*, 974 F.2d at 1059.  Second, the prison official must be deliberately indifferent to the risk of harm to the inmate.  *Farmer*, 511 U.S. at 834.  An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837.  In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known.  *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir.1995).

In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, a plaintiff must allege some facts that would support a claim that a supervisory defendant either personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or implemented a deficient policy that 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Based on the foregoing standards and viewing the allegations of Mr. Smith's complaint in the light most favorable to him, the undersigned concludes that at this stage of the litigation, Mr.

REPORT AND RECOMMENDATION - 4

1   Smith has stated allegations from which an Eighth Amendment claim for lack of medical
2   treatment may be inferred.  However, he has failed to allege facts indicating that any of the
3   named defendants, including Defendant Pine, personally participated in the alleged violations,
4   knew of the violations and failed to prevent them, or implemented a deficient policy.   The only
5   defendant Mr. Smith names in connection with his medical claims is Bette Pine, who is
6   identified in the complaint as "medical director" or "director."  *Id.,* ¶6.4, 6.5.  However, there are
7   no allegations in the complaint that Ms. Pine, who is the Jail Health Services Manager/
8   Correctional Health Section Manager for King County, was involved in providing or denying
9   medical care to Mr. Smith.
10        Therefore, Mr. Smith has failed to state any valid constitutional claims against Defendant
11  Pine and dismissal of his claims against her is appropriate.  Before granting a dismissal,
12  however, it is recommended that the Court grant Mr. Smith leave to file an amended complaint
13  to either plead facts sufficient to support the conclusion that Defendant Pine and/or other medical
14  care providers participated in the deprivation of his Constitutional rights or to file an amended
15  complaint that does not include these individuals.
16        It is therefore recommended that Defendants' motion to dismiss be denied without
17  prejudice and that Mr. Smith should be directed to file his amended complaint within 20 days of
18  the District Court's Order or face dismissal of his claims against Defendant Pine.

19                              **OBJECTIONS AND APPEAL**

20        This Report and Recommendation is not an appealable order.  Therefore a notice of
21  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
22  assigned District Judge enters a judgment in the case.
23        Objections, however, may be filed and served upon all parties no later than **Tuesday,**

REPORT AND RECOMMENDATION - 5

1  **April 21, 2015.**  The Clerk should note the matter for **Thursday, April 23, 2015**, as ready for
2  the District Judge's consideration if no objection is filed.  If objections are filed, any response is
3  due within 14 days after being served with the objections.  A party filing an objection must note
4  the matter for the Court's consideration 14 days from the date the objection is filed and served.
5  The matter will then be ready for the Court's consideration on the date the response is due.
6  Objections and responses shall not exceed 12 pages.  The failure to timely object may affect the
7  right to appeal.

8  DATED this 25th day of March, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6